GARY M. RESTAINO
United States Attorney
District of Arizona

ADDISON OWEN
Assistant United States Attorney
Arizona State Bar No. 031263
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: addison.owen@usdoj.gov
Attorneys for Plaintiff



FILED ____    ____ LODGED
RECEIVED ____    ____ COPY

JUL 1 6 2024

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

REDACTED FOR
PUBLIC DISCLOSURE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No.    CR-24-1223-PHX-DWL (DMF) |
|---|---|
| Plaintiff, | **INDICTMENT** |
| vs. | VIO:   18 U.S.C. §§ 922(a)(6) and 924(a)(2) (Material False Statement During the Purchase of a Firearm) Counts 1 – 3 |
| Jacob Shiner, | |
| Defendant. | 18 U.S.C. § 933 (Firearms Trafficking) Count 4 |
| | 18 U.S.C. §§ 924(d), 934, and 981, 21 U.S.C. §§ 853 and 881, 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c) (Forfeiture Allegation) |

**THE GRAND JURY CHARGES:**

### COUNTS 1 – 3

On or about the dates listed below, in the District of Arizona, Defendant JACOB SHINER knowingly made false statements and representations in connection with the acquisition of a firearm to the businesses listed below, which were intended and likely to deceive the businesses as to a fact material to the lawfulness of a sale of a firearm by the business, each of which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant

JACOB SHINER did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, in each of the counts below stating he was the actual buyer or transferee of the firearm, and was not buying the firearm on behalf of another person, whereas in truth and fact, Defendant JACOB SHINER knew that he was buying the firearm on behalf of another person:

| Count | Date | Business |
|---|---|---|
| 1 | December 27, 2023 | Tactical Studio |
| 2 | January 8, 2024 | Tactical Studio |
| 3 | January 26, 2024 | Arizona State Armory |

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT 4

On or about July 2, 2024, in the District of Arizona, Defendant JACOB SHINER did ship, transport, cause to be transported, and otherwise dispose of a firearm, to wit: a Glock 21 Handgun, Serial Number: AERU347, with a machinegun conversion device attached, in or otherwise affecting interstate or foreign commerce, to another person, whom Defendant JACOB SHINER knew or had reasonable cause to believe that the other person's use, carrying, or possession of the firearm would constitute a felony, to wit: Arizona Revised Statute (A.R.S.) § 13-3102(A)(4), Misconduct Involving Weapons – Prohibited Weapon; and, Title 18, United States Code § 922(o), Possession or Transfer of a Machinegun.

In violation of Title 18, United States Code, Section 933.

## FORFEITURE ALLEGATION

The Grand Jury realleges and incorporates the allegations of Counts 1 – 4 of this Indictment, which is incorporated by reference as though fully set forth herein.

Pursuant to 18 U.S.C. Sections 924(d), 934, and 981, 21 U.S.C. Sections 853 and 881, 26 U.S.C. Section 5872, and 28 U.S.C. Section 2461(c), and upon conviction of the offenses alleged in Counts 1 – 4 of this Indictment, Defendant shall forfeit to the United

- 2 -

States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as the result of the offense, and (b) any of Defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense as to which property Defendant is liable.

If any of the above-described forfeitable property, as a result of any act or omission of Defendant:

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said Defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. Section 853(p).

All in accordance with Title 18, United States Code, Sections 924(d), 934 and 981; Title 21, United States Code, Sections 853 and 881; Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

_/S/_
FOREPERSON OF THE GRAND JURY
Date: July 16, 2024

GARY M. RESTAINO
United States Attorney
District of Arizona


_/S/_
ADDISON OWEN
Assistant U.S. Attorney

- 3 -