GARY M. RESTAINO
United States Attorney
District of Arizona

ADDISON OWEN
Arizona State Bar No. 031263
Email: Addison.Owen@usdoj.gov
MATTHEW DOYLE
Arizona State Bar No. 036235
Email: Matthew.Doyle@usdoj.gov
Assistant United States Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | Case No. 24-01223-PHX-DWL |
|---|---|
| Plaintiff, | **UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR REVOCATION OF THE DETENTION ORDER** |
| vs. | |
| Jacob Shiner, | |
| Defendant. | |

The United States of America, by and through counsel undersigned, hereby requests that the Court detain defendant JACOB SHINER (hereafter, "Defendant") as a danger to the community. This request is more fully supported by the attached Memorandum and Points of Authorities.

Respectfully submitted this 16th day of August, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/Addison Owen*
ADDISON OWEN
MATTHEW DOYLE
Assistant U.S. Attorneys

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      Facts**

    **a.      Background**

In November of 2023, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Task Force Officer (TFO) Andrew Barciz was monitoring social media accounts and found a group of subjects who were trafficking firearms and machinegun conversion devices (MCDs).[1] (Doc. 1). This group offered firearms and MCDs for sale using Instagram and other social media sites. (*Id.*)

Further investigation revealed this group was purchasing the MCDs from China and having them shipped to their addresses in Arizona. (*Id.*) When a customer would engage the group to purchase these devices, they would often shift to clandestine messaging applications, mostly using Telegram.[2] (*Id.*) Over the next several months, TFO Barciz monitored those accounts and undercover (UC) ATF Agents participated in several purchases of firearms, to include machineguns. (*Id.*)

Subsequently on March 28, 2024, law enforcement executed residential search warrants and arrested five individuals, Raul TORREBLANCA, Luis GONZALEZ, Damian ACOSTA, and two juveniles (JOHN DOE 1 and JOHN DOE 2), for possession and transfer of machineguns (hereafter,"Machinegun Trafficking case" and "Machinegun

---

[1] According to the Gun Control Act of 1968 (GCA), 18 U.S.C § 921(a)(24) defines the term "machinegun" as the following: "has the meaning given such term in section 5845(b) of the National Firearms Act (26 U.S.C 5845(b))." The National Firearms Act (NFA), 26 U.S.C § 5845(a), defines the term "firearm" to include "… (6) a machinegun:" Also, § 5845(b) of the NFA defines "machinegun" as the following: "…any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in possession or under the control of a person." Consistent with the federal laws described above, the machine gun conversion devices are machineguns.

[2] Telegram is a messaging application that is operated outside the United States and will not respond to legal processes for records.

Trafficking members"). (*Id.*) The Machinegun Trafficking case is charged under 24-CR-00518-PHX-SMB.

### b. Investigation of Defendant

During the abovementioned investigation, it was learned that the firearms trafficked by the Machinegun Trafficking members had been originally purchased by Defendant. (*Id.*) The following firearms identified in the underlying Machinegun Trafficking case had been purchased by Defendant[3]:

A. A Glock 19X, Serial Number: CBLD804 (Firearm 1), shown for sale on the Machinegun Trafficking members Telegram channel on January 3, 2024, which was purchased by Defendant on December 27, 2023, at Tactical Studio, a licensed FFL, located at 5023 W. Olive Avenue.

B. A Glock 19X, Serial Number: CBLD807 (Firearm 2), purchased by UC ATF agents on January 29, 2024, from TORREBLANCA and JOHN DOE 1, which was purchased by Defendant on January 8, 2024, at Tactical Studio.

C. A Glock 19X, Serial Number: CCSK696 (Firearm 3), was recovered at GONZALEZ's residence during the execution of a search warrant on March 28, 2024. This firearm was found to be purchased by Defendant on January 26, 2024, at Arizona State Armory, a FFL, located at 4357 E Redfield Road, Phoenix, Arizona.

(*Id.*)

Defendant has purchased at least 36 firearms since February 25, 2022. To date, nine firearms have been recovered in criminal investigations. The recovery time ranges from 15 days to 343 days from the purchase date. Numerous firearms have been recovered in other states.

---

[3] At the time Defendant purchased these firearms, they were semi-automatic firearms.

Defendant made all the known purchases at FFLs. (*Id.*) During the purchase of the firearm, Defendant completes ATF Form 4473. (*Id.*) Question 21a asks the purchaser whether they are the true purchaser or buyer of the firearm. Defendant selects that he is the true purchaser of each of these firearms. (*Id.*)

Despite the takedown and arrest of the Machinegun Trafficking members, Defendant has continued to purchase firearms. (*Id.*) On July 2, 2024, law enforcement executed federal search warrants at Defendant's residence, and he was subsequently arrested. (*Id.*) Prior to questioning, SHINER was read his *Miranda* rights. Defendant admitted to straw purchasing Firearms 1, 2, and 3. (*Id.*) He also admitted to recently purchasing firearms for another individual. *Id.* In fact, Defendant admitted to selling a firearm that day (July 2, 2024). (*Id.*)

In reviewing Defendant's cell phone data, TFO Barciz found the following messages from July 2, 2024:

Defendant's Girlfriend: You okay?

Defendant: Yuh I'm good babes. I made a lil extra money

Defendant's Girlfriend: Noice love that. We're having an in person meeting at 4 so I'll be ready at 5:15

Defendant: Okie Dokie. Yuh I sold a pole and the button (sad face emoji)

(*pole is slang for firearm. *button is slang for a Glock MCD)

Defendant's Girlfriend: wtf you're impulsive. I thought you wanted to keep the silver button.

Defendant: Yuh buy I wanted money and it didn't work on my gen 5 it was to loose

Defendant's Girlfriend: Oh Damn

(*Id.*) An additional exchange referencing this firearm was found dated June 30, 2024 into July 1, 2024:

Defendant: Is this yo new number

Purchaser: Yo

Defendant: I was just making sure so I can save it.

Defendant: (sends video of a Glock 21 Gen4 with silver Glock MCD attached to the rear)

Purchaser: How much

Defendant: For button or pole

Purchaser: Both

Purchaser: No cap 900 the silver buttons are different they do burst and fully and I got trijicon night sights up top

*Id.*)

In reviewing records, investigators learned Defendant purchased a Glock 21 handgun (Serial Number: AERU347) from State Armory, an FFL, on June 29, 2024. (*Id.*) This firearm is consistent with the firearm that was sent to the Purchaser with the MCD attached. (*Id.*) This firearm was manufactured outside the state of Arizona and traveled in interstate commerce to be found in Arizona. (*Id.*)

Defendant's assistance in obtaining and providing firearms to the Firearms Trafficking members knowing of their intention to convert them to machineguns was crucial to the success of this trafficking organization which has sold approximately 300 MCDs to the community. (*Id.*)

**II.    Charges and Court Proceedings**

Defendant was arrested on July 2, 2024, pursuant to a Complaint that was filed July 4, 2024, charging the Defendant with three counts of Material False Statement during the Purchase of a Firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2), and a count of Firearms Trafficking, in violation of 18 U.S.C. § 933. (*See* Doc. 1). On July 5, 2024, Defendant appeared in front of United States Magistrate Deborah M. Fine for an initial appearance. A detention hearing was set for July 10, 2024. On July 10, 2024, a detention hearing was held in front of United States Magistrate Alison S. Bachus, and she found the Defendant to be a danger to the community by clear and convincing evidence. (Doc. 9.) Defendant was indicted on the same violations on July 16, 2024. (Doc. 10). On July 23, 2024, Defendant filed a Motion to Revoke the Detention Order. (Doc. 14).

**III. Legal Analysis**

Pursuant to Title 18, United States Code, Section 3142(e), a judicial officer shall order the detention of the person before trial if the officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. Title 18, United States Code, Section 3142(g) outlines the factors to be considered, which include:

(1) the nature and circumstances of the offense charged, including whether the offense involves a controlled substance or firearm;

(2) the weight of the evidence against the person;

(3) the history and characteristic's of the person, including

(A) family ties, employment, financial resources, length of residence in the community, community ties, past conduct; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

**A. Nature and Circumstances**

Over the last several years, law enforcement has responded to an increase of calls involving firearms with MCDs. Because these devices allow handguns to fire an entire magazine with a single pull of the trigger, they become uncontrollable firearms that do not allow for accuracy and that often result in bystander injuries and/or death. Unfortunately, many of these cases involve juveniles, both as suspects and victims. To combat this issue, law enforcement has continued to seek out MCD dealers in hopes of removing these dangerous items from the community.

The underlying Machinegun Trafficking case involved the repetitive sale of MCDs and firearms with MCDs attached to the community, including to juveniles. Defendant was a crucial component to the success of that organization and supplied firearms to its members, which included two juveniles. Defendant also received MCDs as payment for his involvement.

After the March 28, 2024, takedown and arrest of the underlying group, Defendant laid low for a while. However, after a short period of time, he began purchasing firearms and selling MCDs and firearms with MCDs attached to meet the demand after the underlying group was removed from the community.

After Defendant's arrest, law enforcement learned, through review of Defendant's cell phone, that Defendant had been selling firearms with MCDs attached as recently as the same day as his arrest. Since the arrest, law enforcement has learned of additional recoveries involving juvenile possessors. Specifically, a firearm, purchased by Defendant on May 23, 2024, with an MCD attached was recovered on a juvenile on July 27, 2024, in Scottsdale, Arizona. A second firearm that had been purchased by Defendant on June 29, 2024, was recovered on July 6, 2024, on a felon juvenile in Glendale, Arizona. Prior to the recovery of the second firearm, that firearm was found to have been used in a drive-by shooting of a residence the day prior (July 5, 2024).

The sale of MCDs and firearms is incredibly dangerous and despite seeing the federal prosecution of those he engaged in this enterprise with, Defendant continued to conduct these sales and place the community at risk.

**2) Weight of the Evidence**

The United States's evidence includes cell phone date, witness statements, firearm recoveries, and Defendant's admission. Although the least important factor in the analysis, the weight of the evidence against Defendant is strong.

**3) History and Characteristics of the Defendant**

Defendant is 23 years old and resides with his girlfriend who is aware of his criminal activity and showed no signs of deterring him. In 2020, when the defendant was 19 years old, he was charged with Carrying a Deadly Weapon in Surprise Municipal court. Similar to other straw purchasers and firearms traffickers, Defendant does not have any prior felony convictions. Based on Defendant's involvement in the underlying MCD case and his prior conviction involving possession of a firearm, he has been involved in this criminal activity for a significant period of time, despite the lack of related convictions.

### 4) Nature and Seriousness of Danger

Defendant poses a significant danger to the community. Defendant's continued sale of MCDs and firearms to the community, and specifically juveniles, puts everyone at risk of serious harm. Furthermore, Unlike standard handguns, Defendant has engaged in the repetitive trafficking of uncontrollable deadly weapons and assisted in placing those weapons in the hands of prohibited possessors and violent offenders. His messages with the Machinegun Trafficking members and with potential buyers capture his clear understanding of what MCDs will do and he sells them at a premium knowing their capabilities. He also sells these devices indiscriminately, often selling to juveniles who lack the judgment and maturity to realize the deadly nature of these firearms.

## IV. Conclusion

The information contained above warrants a finding that Defendant is a danger to the community. The prior ruling, based on a balancing of all factors, correctly identified Defendant as a danger to the community in which no combination of conditions could mitigate. Accordingly, the United States respectfully requests that the Court order Defendant detained as a danger to the community.

Respectfully submitted this 16th day of August 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/Addison Owen*
ADDISON OWEN
MATTHEW DOYLE
Assistant U.S. Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing documents, and that true and accurate copies have been transmitted electronically to counsel for the defendant via the CM/ECF system:

Michael Richard Ziemba
Attorney for Defendant

*/s/ Zachary Axtell*
United States Attorney's Office